IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Heather Disher,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Town of Kingstree; Kipp Coker, *in his individual and official capacities*; Williamsburg County Sheriff's Office; Kimberly Marlow, *in her individual and official capacities*; Archie Kennedy, *in his official and individual capacities*; Stephen Gardner, *in his official and individual capacities*; and Merianne Cowley,<br><br>　　　　Defendants. | Case No.: 4:25-cv-03782-SAL-KDW<br><br>**ORDER** |

Plaintiff Heather Disher ("Disher") filed this action asserting numerous federal and state-law claims against her former employer, the Town of Kingstree, and others who participated in her termination. The Town of Kingstree, Kipp Coker, Kimberly Marlow, and Merianne Cowley ("Defendants"), filed a motion to dismiss. [ECF No. 4.] The court grants the motion in part and denies the remainder. Disher is granted leave to amend her complaint.

I.　**Background**[1]

Disher was a long-time employee of the Town of Kingstree, working in the town's water department. In Fall of 2023, Disher approached Merianne Cowley, Kingstree's finance manager, for permission to use town funds to purchase holiday gifts for the water department. Cowley refused the request, and Disher, undeterred, organized a holiday party where each employee would pay for his own meal and drinks. And she made a group reservation at a restaurant.

---

[1] The background is derived from Disher's complaint. The court accepts Disher's factual allegations as true at this stage.

1

Around this same time, Cowley approached Disher to discuss the water department's petty cash box. Although the cash box had historically been accessible to any department member, Cowley now required Disher to have sole access and to maintain the only key.

While preparing for the holiday party, the restaurant manager informed Disher that a $100 deposit was required to hold her reservation. Disher, after discussions with her team, used $100 from the cash box to pay the deposit with the understanding that each attendee would reimburse his share when able. On the day of the party, Disher was hospitalized and the party did not occur, resulting in a forfeited deposit.

When Disher returned to work, Cowley confronted Disher about money missing from the cash box. Disher then remembered the restaurant deposit and returned the $100 to Cowley. Despite repayment, Disher claims Cowley remained accusatory.

In March 2024, Kimberly Marlow, the newly appointed Kingstree Chief of Police, demanded Disher "go for a ride" with her. Disher claims Marlow took her to an isolated, vacant building, where she was held against her will and interrogated for several hours about the cash box. Eventually, Kipp Coker, the Town Administrator, arrived and allegedly attempted to coerce Disher into confessing and submitting to a polygraph examination.

The following day, Disher reported to Marlow and Coker for further questioning. During this meeting, Disher claims Marlow accused her of theft and Coker terminated her employment. Disher claims that when she attempted to leave, Coker and Marlow involuntarily committed her to a hospital.

Disher retained counsel a few weeks later. She claims that after her lawyer sent a letter to the Town of Kingstree seeking to settle the matter, she was charged with petit larceny in retaliation. She further alleges that Archie Kennedy, a deputy with the Williamsburg County Sheriff's Office

("WCSO"), was "intentionally misleading" when drafting the warrant affidavit.

Disher further claims that Stephen Gardner, the Sheriff of Williamsburg County, made her undergo a strip search, wear prison clothing and handcuffs, and be arraigned in open court. She also alleges that Kennedy, either by himself or in concert with Gardner, posted about the arrest on the WCSO social media page and that Defendants WCSO, Kennedy, and Gardner also issued a press release about her arrest containing false information.

Disher's case went to trial on October 8, 2024, resulting in a not guilty verdict on the larceny charge. As of the filing of her complaint, she asserts that the WCSO social media post remains, she has not been reinstated to her former position, she remains unemployed, has been diagnosed with post-traumatic stress disorder and has suffered reputational harm. Disher alleges eighteen causes of action against the defendants:

- Defamation (Count I),
- False Imprisonment and False Arrest (Count II),
- Assault (Count III),
- Battery (Count IV),
- Malicious Prosecution (Count V),
- Intentional Infliction of Emotional Distress (Count VI),
- Civil Conspiracy (Count VII),
- Abuse of Process (Count VIII),
- Invasion of Privacy – Wrongful Intrusion into Private Affairs (Count IX),
- Invasion of Privacy – Wrongful Publicizing of Private Affairs (Count X),
- Negligent Supervision, Training, and Retention (Count XI),
- Public Policy Wrongful Discharge (Count XII),

- 42 U.S.C. § 1983 – Fourth Amendment Unlawful Seizure (Count XIII),

- 42 U.S.C. § 1983 – Fourth Amendment Unlawful Seizure (Count XIV),

- 42 U.S.C. § 1983 – Fourteenth Amendment Due Process (Count XV),

- 42 U.S.C. § 1983 – Fourteenth Amendment Due Process (Count XVI),

- 42 U.S.C. § 1983 – First Amendment Free Speech Violations (Count XVII), and

- 42 U.S.C. § 1983 – *Monell* Liability against the Town of Kingstree (Count XVIII).

[ECF No. 1-1 ¶¶ 41–184.]

Defendants Town of Kingstree, Coker, Marlow, and Cowley now move to dismiss all claims except Counts XIV and XVI. [ECF No. 4.] United States Magistrate Judge Keymani D. West, pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(4) (D.S.C.), issued a Report and Recommendation ("Report"), recommending Defendants' motion to dismiss be granted in part and denied in part. [ECF No. 35.] Disher and Defendants both objected. [ECF Nos. 37, 38.]

**II. Legal Standards**

  **A. Review of a Magistrate Judge's Report**

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation, any party may serve and file written objections. *See Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3)). The district court then makes a de novo determination of those portions of the Report to which an objection is made. *Id.* To trigger de novo review, an objecting party must object with sufficient specificity to reasonably alert the district court of the true ground for the objection. *Id.* (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). If a litigant objects only generally, the court need not explain adopting the

4

Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

An objection is specific so long as it alerts the district court that the litigant believes the magistrate judge erred in recommending dismissal of that claim. *Elijah*, 66 F.4th at 460. Objections need not be novel to be sufficiently specific. *Id.* In the absence of *specific* objections this court is not required to give any explanation for adopting the recommendation. *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (D.S.C. 2009).

### B. Rule 12(b)(6)

On a motion to dismiss under Rule 12(b)(6), a "complaint must be dismissed if it does not allege 'enough facts to state a claim to relief that is plausible on its face.'" *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "In reviewing a motion to dismiss an action pursuant to Rule 12(b)(6) . . . [a court] must determine whether it is plausible that the factual allegations in the complaint are 'enough to raise a right to relief above the speculative level.'" *Andrew v. Clark*, 561 F.3d 261, 266 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555). "A plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). For purposes of a motion to dismiss, the district court must "take all of the factual allegations in the complaint as true." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III. Discussion

#### A. Count XVIII: *Monell* Claim Against the Town of Kingstree

Defendants argue Disher's *Monell* claim (Count XVIII) against the Town of Kingstree should fail because any misconduct by Coker and Marlow occurred without the Town's knowledge. [ECF No. 38 at 3.] They also argue that Disher's claims fail because her allegations indicate "sporadic and isolated violations rather than widespread and flagrant violations[,]" required under *Monell*. *Id.* at 4. Disher counters that she has sufficiently alleged the existence of a widespread policy or custom to survive a motion to dismiss. [ECF No. 18 at 27–28.] The magistrate judge agreed, finding that Disher had "not yet had the benefit of discovery, and . . . that at this early stage in the litigation, [Disher's] allegations suffice to state a *Monell* claim against the Town of Kingstree." [ECF No. 35 at 20.] The court agrees.

Under *Monell*, a plaintiff can state a 42 U.S.C. § 1983 claim against a municipality by demonstrating a constitutional violation by an official act that resulted from a government policy or custom. *See Owens v. Baltimore City State's Att'ys Off.*, 767 F.3d 379, 402 (4th Cir. 2014). "Although prevailing on the merits of a *Monell* claim is difficult, simply alleging such a claim is, by definition, easier." *Id.* at 403.

A policy or custom can be expressed in several ways:

> (1) through an express policy, such as a written ordinance or regulation; (2) through the decisions of a person with final policymaking authority; (3) through an omission, such as a failure to properly train officers, that manifest[s] deliberate indifference to the rights of citizens; or (4) through a practice that is so persistent and widespread as to constitute a custom or usage with the force of law.

*Howard v. City of Durham*, 68 F.4th 934, 952 (4th Cir. 2023) (citing *Starbuck v. Williamsburg James City Cnty. Sch. Bd.*, 28 F.4th 529, 533 (4th Cir. 2022)).

Here, Disher alleges that Coker and Marlow, as final policymakers, implemented a policy of unlawful detention without reasonable suspicion or probable cause. ECF No. 1-1 ¶¶ 173–75. Disher further claims that the Town of Kingstree itself has a "custom, pattern, practice, or procedure" of instituting baseless criminal actions against individuals it "wishes to silence." *Id.* ¶ 179. While Defendants argue Disher's allegations lack the required specificity to state a claim, the court finds these allegations plausibly allege a claim under *Monell*. *Green v. Obsu*, No. CV ELH-19-2068, 2021 WL 165135, at *15 (D. Md. Jan. 19, 2021) ("Although boilerplate allegations will not suffice, at the motion to dismiss stage, courts should not expect the plaintiff to possess a rich set of facts concerning the allegedly unconstitutional policy and the responsible policymakers."); *see also Est. of Osuna v. Cty. of Stanislaus*, 392 F. Supp. 3d 1162, 1174 (E.D. Cal. 2019) ("[T]he details of the alleged policy or custom . . . is a topic properly left to development through discovery. It is a rare plaintiff who will have access to the precise contours of a policy or custom prior to having engaged in discovery, and requiring a plaintiff to plead its existence in detail is likely to be no more than an exercise in educated guesswork."). At this stage, these allegations suffice to state a plausible *Monell* claim. *Owens*, 767 F.3d at 403 (allowing a *Monell* claim to survive a motion to dismiss where the plaintiff broadly alleged "reported and unreported" cases against a police department without identifying said cases or a specific policy).[2]

### B. Counts XIII and XV: § 1983 Claims against Cowley

Defendants next argue that Disher's § 1983 claims against Cowley must fail because she fails to allege Cowley personally participated in any of the unconstitutional conduct giving rise to

---

[2] The court further agrees with the magistrate judge that Disher has sufficiently alleged that Coker, Marlow, and Cowley acted pursuant to an official, practice, policy, or custom of the Town of Kingstree. *See* ECF No. 35 at 20 n.6; ECF No. 1-1 ¶¶ 131, 175–78. Accordingly, the court declines to dismiss these claims as duplicative. [ECF No. 38 at 5.]

7

Disher's claims. [ECF No. 38 at 5–6.] As they see it, Disher's complaint alleges that all actions giving rise to her § 1983 claims were taken by Marlow and Coker after Cowley's retirement; thus, her claims should fail since Cowley was no longer a state actor at that time. *Id.* at 6 (citing *West v. Atkins*, 487 U.S. 42, 49 (1988) ("To constitute state action, 'the deprivation must be caused by the exercise of some right or privilege created by the State . . . or by a person whom the State is responsible,' and 'the party charged with the deprivation must be a person who may fairly be said to be a state actor.'")). The court disagrees.

Disher alleges that while hospitalized in late January 2024, Cowley accessed the cash box and later confronted her about the missing funds. [ECF No. 1-1 ¶¶ 15–16.] She further alleges that Cowley "intentionally misrepresented the truth [and] deliberately fabricated false allegations" regarding Disher's plans for the funds. *Id.* ¶ 148. Taking Disher's factual allegations as true, Cowley's conduct plausibly overlapped with her tenure as a state actor. The court declines to dismiss Counts XIII and XV.

### C. Counts I–X, XII: SCTCA Claims

The magistrate judge found that Disher failed to sufficiently plead claims against the Town of Kingstree under the South Carolina Tort Claims Act ("SCTCA"). [ECF No. 35 at 9–10.] Disher argues these claims were intended to proceed in the alternative against the Town of Kingstree and they should be allowed to proceed. [ECF No. 37 at 4–7.]

The SCTCA is the exclusive remedy for torts committed by government employees. S.C. Code Ann. § 15-78-70(a); *see also Murphy v. Richland Mem'l Hosp.*, 455 S.E.2d 688, 689 (S.C. 1995). Under the Act, when an employee is individually named, the agency or political subdivision for which the employee was acting must be substituted as the party defendant. S.C. Code Ann. § 15-78-70(c).

8

Under the SCTCA, for any given tort, either the governmental entity or the employee is liable, but not both. *Newkirk v. Enzor*, 240 F. Supp. 3d 426, 436 (D.S.C. 2017). There are two avenues for suit under the SCTCA. If an employee's tortious actions fall within the protection of this SCTCA, the employee is immune, and the plaintiff must sue the governmental entity. *Botten v. Charleston Cnty. EMS*, No. 2:23-CV-05064-DCN, 2024 WL 1120332, at *6 (D.S.C. Mar. 14, 2024) (citing *Newkirk*, 240 F. Supp. 3d at 436). Alternatively, if a plaintiff proves that an "employee's conduct was not within the scope of his official duties or that it constituted actual fraud, actual malice, intent to harm, or a crime involving moral turpitude," then the government agency is not liable, and instead, the employee is personally liable. *Id.*

Here, Disher sufficiently alleges malice or an intent to harm against individual defendants but fails to properly plead an alternative claim against the Town of Kingstree to survive dismissal under the SCTCA. *See* ECF No.35 at 9–10.

Disher claims her intention was to plead that the individual Defendants' conduct rose to the level that removed them from the SCTCA while simultaneously arguing that the Town of Kingstree is liable if their mental state fell within the SCTCA's protection. [ECF No. 37 at 4–7.] Disher thus seeks leave to amend her complaint so that both claims may proceed. *Id.* The court agrees that leave to amend at this stage is appropriate. *See Watson v. Adams*, No. CV 4:12-3437-BHH, 2017 WL 1001122, at *13 (D.S.C. Mar. 15, 2017) (permitting a plaintiff to plead alternative claims under the SCTCA); Fed. R. Civ. P. 8(d)(3) ("A party may state as many separate claims or defenses as it has, regardless of consistency."). Accordingly, the court dismisses Disher's claims brought pursuant to the SCTCA against the Town of Kingstree without prejudice and with leave to file an amended complaint.

### D. Count XI: Negligent Supervision, Training, and Retention Claim

The magistrate judge found that Disher sufficiently pleaded her negligent training, supervision, and retention claim against the Town of Kingstree to survive a motion to dismiss. [ECF No. 35 at 11–12.] Defendants argue this claim should fail because Disher's complaint alleges that Defendants "acted with actual malice and intent to harm," and thus the Town of Kingstree cannot be held liable due to the SCTCA. [ECF No. 38 at 6–9.] The Town of Kingstree further argues that Disher has failed to plead facts showing the necessary elements of this claim. *Id.* at 7.

The court agrees that, as currently pleaded, Disher's claims fall under the SCTCA and thus should be dismissed. *See Lawton v. S.C. Dep't of Corr.*, No. 220CV01527DCCMGB, 2021 WL 7277980, *5 (D.S.C. June 29, 2021), *report and recommendation adopted in part, rejected in part*, No. 2:20-CV-01527-DCC, 2022 WL 484638 (D.S.C. Feb. 17, 2022) ("Allegations of negligent training and supervision fall under the SCTCA."); *Smith v. City of Greenwood*, No. 8:09CV2061-HFF-BHH, 2010 WL 2382479, *4 (D.S.C. June 14, 2010) (noting that while the SCTCA is "intended to limit the liability of governmental entities," it is not intended "to extend similar immunity to individual employees who commit intentional torts outside the scope of their employment."). Because the court found above that Disher failed to sufficiently plead her claims against the individual Defendants and the Town of Kingstree in the alternative, the court again finds that this claim is subject to dismissal. The court dismisses this claim without prejudice but with leave to file an amended complaint.

### IV. Conclusion

After a thorough review of the Report, the applicable law, and the record of this case, the court finds no clear error in the Report. Additionally, the court reviewed de novo the parts of the Report to which the parties objected. The court hereby **ADOPTS** the Report as modified, ECF No.

35. As a result, Defendants' motion to dismiss, ECF No. 4, is granted in part and denied in part. Disher's claims subject to the SCTCA against the Town of Kingstree, Counts I–XII, are **DISMISSED WITHOUT PREJUDICE**. Disher is ordered to file her amended complaint within fourteen days of the entry of this order. This matter will remain referred to the magistrate judge.

    **IT IS SO ORDERED.**

February 9, 2026
Columbia, South Carolina

Sherri A. Lydon
United States District Judge